UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAYMOND A. DIAZ,

        Petitioner,

v.                    Case No: 2:16-cv-162-FtM-29MRM

STATE OF FLORIDA, JOHN
PALMER, Warden at Florida
State Prison, FLORIDA
ATTORNEY GENERAL, and
DEPARTMENT OF CORRECTIONS,

        Respondents.

---

**OPINION AND ORDER**

Petitioner Raymond A. Diaz ("Petitioner"), who is proceeding on his Amended Petition (Doc. #10), initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 on February 23, 2016.[1] Petitioner is confined within the Florida Department of Corrections and challenges his March 2008, plea based convictions and sentences for second degree murder, arson, two counts of burglary of a dwelling, and two counts of burglary while armed entered by the Twentieth Judicial Circuit Court in Hendry County, Florida in case numbers 07-639-CFB, 07-650-CFB, 07-654-CFB, 07-

---

[1] The Court deems the Petition (Doc. #1), as amended (Doc. #10), as constructively filed under the "mailbox rule" on the date Petitioner certifies he placed the Petition in the hands of prison officials for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999). The Court likewise applies the "mailbox rule" to Petitioner's state court pleadings.

668-CFB, 07-673-CFB, and 07-688-CFB (Doc. #10 at 1).

The Court ordered Respondent, the Secretary of the Florida Department of Corrections,[2] to show cause why the relief sought in the Petition, as amended, should not be granted (Doc. #13). Respondent filed a Limited Response which incorporated a motion to dismiss the Petition, as amended, as time-barred (Doc. #14). Petitioner filed a reply to the Limited Response (Doc. #17).

Based upon a careful review of the pleadings and record, the Court finds that the Petition, as amended, is subject to dismissal a time-barred.

## I.    Procedural History

On March 12, 2008,[3] Petitioner entered a plea and was sentenced as a Prison Release Reoffender as follows:

- Case Number 07-639-CFB - 15 years on Count I- Burglary of a Dwelling, Count II was *nolle prosequi*;

---

[2] When a petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Rumsfeld v. Padilla, 542 U.S. 426, 436 (2004) (citations omitted).  Here, Petitioner was committed to the custody of the Florida Department of Corrections.  Exh. 1.  Consequently, the proper named respondent is the Secretary of the Florida Department of Corrections.

[3] According to the Response, Petitioner entered his plea and was sentenced on March 28, 2008.  Response at 2.  The Exhibits clearly reflect that Petitioner entered his plea, was adjudicated guilty, and sentenced on March 12, 2008.  Exh. 1. Petitioner also acknowledges that judgment was entered on March 12, 2008 in his petition for belated appeal.  Exh. 2.

- Case Number 07-650-CFB – life on Count II – Burglary While Armed, Counts I and III were *nolle prosequi*;

- Case Number 07-654-CFB – 15 years on Count I- Burglary While Armed, Counts I and III were *nolle prosequi*;

- Case Number 07-668-CFB – Life on Count I – Murder Second Degree, Count II was *nolle prosequi*;

- Case Number 07-673-CFB – 15 years on Count I – Burglary of a Dwelling, Count II was *nolle prosequi*;

- Case Number 07-688-CFB – Life on Count I, Burglary While Armed, Count II was *nolle prosequi*.

Exh. 1. Petitioner did not file a timely notice of appeal, but instead filed a petition for belated appeal on June 3, 2008. Exh. 2. The Second District Court of Appeal granted a commissioner's hearing on Petitioner's petition. Exh. 3. After hearing testimony, the Commissioner recommended that the petition for belated appeal be denied. Exh. 4. On November 6, 2008, the Second District Court of Appeal denied Petitioner's petition for belated appeal. Exh. 5.

On June 9, 2009, Petitioner filed a Rule 3.850 motion for postconviction relief. Exh. 6. On December 16, 2009, after response from the State, (Exh. 7), the postconviction court summarily denied the motion. Exh. 8. Petitioner did not appeal the postconviction court's order.

On October 22, 2010. Petitioner filed a "Motion for Relief of Judgement and Sentence Order to Correct Illegal Sentence Pursuant to Fla. R. Crim. P. 3.800(a)." Exh. 9. Thereafter, Petitioner filed five other pleadings related to the Rule 3.800 motion. Exh. 10. On June 24, 2011, the postconviction court entered an order summarily denying Petitioner's Rule 3.800 motion. Exh. 11. On July 27, 2011, Petitioner filed a pro se notice of appeal. Exh. 12. On February 1, 2012, the Second District Court of Appeal issued an unwritten opinion affirming the trial court's order. Diaz v. State, 96 So.3d 893) (Table) (Fla. 2d DCA 2012). Exh. 13. Mandate issued on April 27, 2012. Exh. 14.

On October 20, 2011, Petitioner filed a second "Motion to Correct Illegal Sentence Pursuant to Rule 3.800(a)." Exh. 15. On April 3, 2012, the postconviction court entered an order summarily denying Petitioner's motion. Exh. 16. Petitioner did not appeal the postconviction court's order. As noted earlier, Petitioner filed his first habeas petition in this Court on February 23, 2016.

## II. Analysis

### A. A 28 U.S.C. § 2254 federal habeas corpus petition is subject to a one-year statute of limitation

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a

state court judgment. This limitation period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Petitioner does not allege, nor does it appear from the pleadings or record, that the statutory triggers set forth in §§ 2244(d)(1)(B)-(D) apply. Therefore, the statute of limitations is measured from the remaining statutory trigger, which is the date on which Petitioner's conviction became final. 28 U.S.C. §§ 2244(d)(1)(A).

## B. Petitioner's federal habeas corpus petition is untimely under 28 U.S.C. § 2244(d)(1)(A)

Petitioner was sentenced on March 12, 2008. Exh. 1. Petitioner did not file a direct appeal as provided by Florida Rule of Appellate Procedure 9.140 (providing a defendant in a

criminal case with 30 days to file a notice of appeal). Thus, Petitioner's convictions and sentences became final for purposes of § 2244(d)(1)(A) on **April 11, 2008**, when the 30-day period for filing an appeal expired. Petitioner is not entitled to the additional 90-day period to seek certiorari review because he did not seek the highest review afforded to him in the state court system. See Gonzalez v. Thaler, 565 U.S. 134, 149-150, 154 (2010). Consequently, the federal limitations period commenced on April 12, 2008, and expired one year later on **April 12, 2009**, absent tolling. San Martin v. McNeil, 633 F.3d 1257, 1266 (11th Cir. 2011) (applying Fed. R. Civ. P. 6(a)(1) in computing AEDPA's one-year limitation period to begin to run from the day after the day of the event that triggers the period); Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (AEDPA's one year "limitations period should be calculated according to the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run.") (citing Ferreira v. Sec'y Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Petitioner's petition for a belated appeal did not toll the limitation period because "a petition for belated appeal

is not an application for collateral review within the meaning of section 2244(d)." Danny v. Sec'y, Fla. Dep't of Corr., 811 F.3d 1301, (11th Cir. 2016) (applying Espinosa v. Sec'y, Fla. Dep't of Corr., 804 F.3d 1137 (11th Cir. 2015)).

Rather, Petitioner filed his first postconviction motion, a Rule 3.850 motion, on June 12, 2009. However, by that time, Petitioner's AEDPA period had lapsed, and the Rule 3.850 motion does not operate to retroactively toll the statute of limitations. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001)(a state court petition that is filed following the expiration of the federal limitations cannot toll the limitations period because there is no remaining period to be tolled); Hutchinson v. Florida, 677 F.3d 1097, 1098 (11th Cir. 2012)(for section 2244(d)(2) tolling to apply the petitioner must file the collateral motion before the one-year period has run). Because Petitioner is not entitled to statutory tolling, the instant Petition was filed 2508 days (6 years, 10 months, and 11 days) after the federal limitations period had expired.

### C. Petitioner is not entitled to equitable tolling

The Supreme Court has recognized that the period specified in 28 U.S.C. § 2244 "is a statute of limitations, not a jurisdictional bar," and thus, a petitioner may be entitled to "equitable tolling in an appropriate case." Cole v. Warden, Georgia State Prison, 768 F.3d 1150, 1157 (11th Cir. 2014) (citing Holland v. Florida,

560 U.S. 631, 645 (2010)).  To be entitled to equitable tolling a petitioner must show that "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Holland, 560 U.S. at 649(internal quotation marks omitted).  The assessment of equitable tolling is made "on a case-by-case" basis, considering "specific circumstances" and "decisions made in similar cases for guidance."  Hutchinson v. Florida, 677 F.3d 1097, 1098 (11th Cir. 2012).  Because equitable tolling is an extraordinary remedy, it is "limited to rare and exceptional circumstances and typically applied sparingly."  Cadet v. Fla. Dep't of Corr., 742 F.3d 473, 477 (11th Cir. 2014) (internal quotation marks omitted).

Petitioner's Reply is devoid of any argument as to why he should be entitled to equitable tolling.  See Doc. #17.  In addressing the timeliness of his filing, in his Petition, as amended, Petitioner states that he "has been in segregated confinement since 2013 and has little access to the law library or any legal materials and Petitioner has little knowledge of all the legal issues."  Doc. #10 at 14.  The factors cited by Petitioner do not rise to the level of "extraordinary circumstances" to qualify for equitable relief.  At the outset, the federal limitations period had already long expired by the time Petitioner was in segregation.  Further, a petitioner's lack of legal knowledge or limited access to a prison law library are not factors

that warrant equitable tolling. <u>See</u> <u>DeLeon v. Stat of Fla. Dep't</u> <u>of Corr.</u>, 470 F. App'x 732, 734 (11th Cir. 2012) ("the lack of legal education [and] absence of legal counsel in this collateral context . . .do not excuse a failure to file a § 2254 petition in a timely fashion."); <u>Felder v. Johnson</u>, 204 F.3d 168, 171 (5th Cir. 2000) (citing <u>U.S. v. Flores</u>, 981 F.2d 231, 236 (5th Cir. 1993)(holding *pro se* status, lack of legal training do not warrant equitable tolling)). Based on the foregoing, the Court concludes that Petitioner is not entitled to statutory or equitable tolling. As a result, the Petition, as amended, is dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

### III. <u>Certificate of Appealability</u>

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36

(2003) (citations omitted). Petitioner has not made the requisite showing in these circumstances and is not entitled to a certificate of appealability.

Accordingly, it is hereby

**ORDERED:**

1.   The Petition for Writ of Habeas Corpus (Doc. #1) as amended (Doc. #10), is **DISMISSED WITH PREJUDICE** as time-barred.

2.   Petitioner is **DENIED** a Certificate of Appealability.

3.   The Clerk of the Court is directed to enter judgment accordingly, terminate any pending motions, and close this case.

**DONE and ORDERED** at Fort Myers, Florida, this   <u>14th</u>   day of November, 2018.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA:  FTMP-1
Copies:
Counsel of Record